DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- X
PHILIP MORRIS USA INC.,

                            Plaintiff,            **ORDER ADOPTING REPORT
                                                  AND RECOMMENDATION**

      -against-
                                                  11-CV-3220(KAM)(JMA)
RAFAEL A. CRUZ, individually and doing
business as 10-80 FAMILY MINI MARKET,
et al.,

                            Defendants.         X
--------------------------------------- 

**KIYO A. MATSUMOTO, United States District Judge:**

        On July 6, 2011, Philip Morris USA Inc. ("plaintiff")

commenced this action against 16 proprietors of 14 retail stores,

alleging that each retail store unlawfully sold counterfeit

Marlboro brand cigarettes.[1]  (*See* ECF No. 1, Complaint filed

7/6/2011 ("Compl.") ¶¶ 3-6.)  Plaintiff timely served the Summons

and Complaint on all defendants.  (*See* ECF Nos. 4, 5, Summons

Returned Executed.)  Seven of the proprietor defendants

subsequently entered into consent judgments with plaintiff.  (*See*

ECF Nos. 7, 9, 13, 15, 33, 42, 55, Consent Judgment and Permanent

Injunction.)  The nine remaining proprietor defendants (the

"defaulting defendants") failed to respond to the Complaint and

failed to execute consent judgments with plaintiff.[2]

---

[1] Two of the named defendants are listed as owners of the retail store Omar
Deli Mini Market and A&A Deli Mini Market, and two of the defendants are
listed as owners of the retail store Torres Deli Grocery.  (ECF No. 1, Compl.
Ex. A; ECF No.53, Declaration of James D. Flynn in Support of Plaintiff's
Motion for Default Judgment, dated 1/31/2012 ("Flynn Decl.") ¶¶ 33-34.)

[2] The nine defaulting defendants are (i) A&A Minimarket, Inc., a New York
corporation doing business as Omar Deli Mini Market and A&A Deli Mini Market
("A&A"); (ii) Lucche O. Tineo, individually and doing business as Omar Deli
Mini Market and A&A Deli Mini Market ("Tineo"); (iii) Abreu Minimarket, Inc.,

Presently before the court is a Report and
Recommendation issued by Magistrate Judge Joan M. Azrack on April
16, 2012, recommending that this court (1) grant plaintiff's
motion for default judgment against each of the nine defaulting
defendants; (2) award plaintiff statutory damages, pursuant to 15
U.S.C. § 1117(c), in the amount of $4,000 from each of the seven
retail stores owned by the defaulting defendants;[3] (3) issue a
permanent injunction against each of the nine defaulting
defendants; and (4) award plaintiff costs from each of the nine
defaulting defendants in the following amounts: (i) A&A: $203.88,
(ii) Tineo: $203.88, (iii) Abreu Minimarket: $203.88, (iv)
Rosario: $203.88, (v) Addaliam: $203.88, (vi) Strawberry:
$203.88, (vii) Torres Grocery: $203.88, (viii) N.T.J.: $241.88,
and (ix) Yemen One: $148.88. (*See generally* ECF No. 56, R&R.)

---

a New York corporation doing business as Abreu Mini Market ("Abreu
Minimarket"); (iv) Freddy Rosario, individually and doing business as Rosario
Deli Grocery ("Rosario"); (v) Mohamed Addaliam, individually and doing
business as Stop-3 Deli and Stop Three (3) Market ("Addaliam"); (vi)
Strawberry Food Market Corp., a New York corporation doing business as
Strawberry Grocery Corp. ("Strawberry"); (vii) Torres Grocery Corp., a New
York corporation doing business as Torres Deli Grocery ("Torres Grocery");
(viii) N.T.J. Deli Grocery Corp., a New York corporation doing business as
Torres Deli Grocery ("N.T.J."; and (ix) Yemen One Deli Inc., a New York
corporation doing business as Yak E-Z Stop News Stand ("Yemen One").

[3] The court notes that plaintiff does not seek $4,000 in statutory damages
from each of A&A, Tineo, Torres Grocery, and N.T.J., but rather seeks to hold
defendants A&A and Tineo jointly and severally liable for $4,000 in statutory
damages, and seeks to hold Torres Grocery and N.T.J. jointly and severally
liable for $4,000 in statutory damages. (ECF No.53, Flynn Decl. ¶¶ 33-34.)
Although the Report and Recommendation does not explicitly acknowledge this
request, the Report and Recommendation recommends that the court award
plaintiff "statutory damages in the amount of $4,000.00 from each of the seven
defaulting defendant retailers," thereby reflecting that statutory damages
will be joint and several as to A&A and Tineo, and as to Torres Grocery and
N.T.J. (ECF No. 56, Report and Recommendation dated 4/16/2012 ("R&R") at 7.)

On April 17, 2012, plaintiff served each of the
defaulting defendants with copies of the Report and
Recommendation via hand delivery and first class mail.  (ECF No.
57, Certificate of Service, filed 4/17/2012.)  As explicitly
noted at the end of the Report and Recommendation, any objections
to the Report and Recommendation were to be filed within 14 days
of receipt of the Report and Recommendation.  (ECF No. 56, R&R,
at 10.)  The period for filing objections has expired, and no
objections to Magistrate Judge Azrack's Report and Recommendation
have been filed.

In reviewing a Report and Recommendation, the district
court "may accept, reject, or modify, in whole or in part, the
findings or recommendations made by the magistrate judge."  28
U.S.C. § 636(b)(1)(C).  Where no objection to the Report and
Recommendation has been filed, the district court "need only
satisfy itself that that there is no clear error on the face of
the record."  *Urena v. New York*, 160 F. Supp. 2d 606, 609-10
(S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189
(S.D.N.Y. 1985)).

Upon a careful review of Magistrate Judge Azrack's
thoroughly researched and well-reasoned Report and
Recommendation, and considering that no defaulting defendant has
objected to any of Magistrate Judge Azrack's recommendations,
this court hereby affirms and adopts the Report and

3

Recommendation as the opinion of the court, pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, and for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the Report and Recommendation and adopted herein, the court orders as follows:

(1) plaintiff's motion for entry of default judgment against the nine defaulting defendants is granted;

(2) plaintiff is awarded statutory damages against the defaulting defendants as follows: (i) $4,000 against Abreu Minimarket, (ii) $4,000 against Rosario, (iii) $4,000 against Addaliam, (iv) $4,000 against Strawberry, (v) $4,000 against Yemen, (vi) $4,000 against A&A and Tineo jointly and severally; and (vii) $4,000 against Torres Grocery and N.T.J. jointly and severally;

(3) plaintiff is awarded a permanent injunction against each of the defaulting defendants, as set forth in a separate Default Judgment and Permanent Injunction, that includes the following material terms:

> A prohibition against purchasing, distributing, selling, offering for sale, or otherwise using in commerce any cigarettes in packaging bearing counterfeits of any of the Marlboro Trademarks, or assisting, aiding or abetting any other person or entity in doing so; and

> A prohibition against using the Marlboro Trademarks or trademarks or trade dress that

4

is confusingly similar therewith, except in
connection with the sale and offering for
sale of genuine Marlboro brand cigarettes. .
. . [and]

[A] requirement that the Defaulting
Defendants cooperate in good faith with
Philip Morris USA in its investigations of
counterfeit sales at their retail
establishments, including without limitation,
by: (a) permitting representatives and/or
designees of Philip Morris USA to conduct
inspections, without notice, of the
Defaulting Defendants' cigarette inventories
to determine whether packs and/or cartons of
cigarettes bearing Marlboro Trademarks are
counterfeit (with such inspections proceeding
at any of the Defaulting Defendants' retail
establishments between the hours of 9:00 a.m.
and 5:00 p.m. on any such day the Defaulting
Defendants' retail establishments are open
for business) and to retain possession of any
such cigarettes that are determined to be
counterfeit; (b) responding to reasonable
requests for information about the Defaulting
Defendants' suppliers or other sellers of
genuine or counterfeit Marlboro brand
cigarettes; and (c) cooperating with Philip
Morris USA's representatives and/or designees
in their investigations of any suppliers or
other sellers of genuine or counterfeit
Marlboro brand cigarettes.

(4) plaintiff is awarded costs from the defaulting

defendants as follows: (i) $203.88 from A&A, (ii) $203.88 from

Tineo, (iii) $203.88 from Abreu Minimarket, (iv) $203.88 from

Rosario, (v) $203.88 from Addaliam, (vi) $203.88 from Strawberry,

(vii) $203.88 from Torres Grocery, (viii) $241.88 from N.T.J.,

and (ix) $148.88 from Yemen One.

Plaintiff shall serve a copy of this Memorandum and

Order and the Default Judgment and Permanent Injunction upon the

defaulting defendants and shall file a certificate of service on
ECF by May 18, 2012.

The Clerk of the Court is respectfully requested to
close the case.

**SO ORDERED**.

Dated:    May 16, 2012
          Brooklyn, New York

                                   _____/s/_____
                                   Kiyo A. Matsumoto
                                   United States District Judge
                                   Eastern District of New York

6