UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
PHILIP MORRIS USA INC.,

                    Plaintiff,        **ORDER ADOPTING REPORT**
                                                **AND RECOMMENDATION**
   -against-
                                                            11-CV-3220(KAM)(JMA)
RAFAEL A. CRUZ, individually and doing
business as 10-80 FAMILY MINI MARKET,
et al.,

                    Defendants.     X
------------------------------------

**KIYO A. MATSUMOTO, United States District Judge:**

       On July 6, 2011, Philip Morris USA Inc. ("plaintiff") commenced this action against 16 proprietors of 14 retail stores, alleging that each retail store unlawfully sold counterfeit Marlboro brand cigarettes.[1] (See ECF No. 1, Complaint filed 7/6/2011 ("Compl.") ¶¶ 3-6.) Plaintiff timely served the Summons and Complaint on all defendants. (See ECF Nos. 4, 5, Summons Returned Executed.) Seven of the proprietor defendants subsequently entered into consent judgments with plaintiff. (See ECF Nos. 7, 9, 13, 15, 33, 42, 55, Consent Judgment and Permanent Injunction.) The nine remaining proprietor defendants (the "defaulting defendants") failed to respond to the Complaint and failed to execute consent judgments with plaintiff.[2]

---

[1] Two of the named defendants are listed as owners of the retail store Omar Deli Mini Market and A&A Deli Mini Market, and two of the defendants are listed as owners of the retail store Torres Deli Grocery. (ECF No. 1, Compl. Ex. A; ECF No.53, Declaration of James D. Flynn in Support of Plaintiff's Motion for Default Judgment, dated 1/31/2012 ("Flynn Decl.") ¶¶ 33-34.)

[2] The nine defaulting defendants are (i) A&A Minimarket, Inc., a New York corporation doing business as Omar Deli Mini Market and A&A Deli Mini Market ("A&A"); (ii) Lucche O. Tineo, individually and doing business as Omar Deli Mini Market and A&A Deli Mini Market ("Tineo"); (iii) Abreu Minimarket, Inc.,

Presently before the court is a Report and Recommendation issued by Magistrate Judge Joan M. Azrack on April 16, 2012, recommending that this court (1) grant plaintiff's motion for default judgment against each of the nine defaulting defendants; (2) award plaintiff statutory damages, pursuant to 15 U.S.C. § 1117(c), in the amount of $4,000 from each of the seven retail stores owned by the defaulting defendants;[3] (3) issue a permanent injunction against each of the nine defaulting defendants; and (4) award plaintiff costs from each of the nine defaulting defendants in the following amounts: (i) A&A: $203.88, (ii) Tineo: $203.88, (iii) Abreu Minimarket: $203.88, (iv) Rosario: $203.88, (v) Addaliam: $203.88, (vi) Strawberry: $203.88, (vii) Torres Grocery: $203.88, (viii) N.T.J.: $241.88, and (ix) Yemen One: $148.88. (*See generally* ECF No. 56, R&R.)

---

a New York corporation doing business as Abreu Mini Market ("Abreu Minimarket"); (iv) Freddy Rosario, individually and doing business as Rosario Deli Grocery ("Rosario"); (v) Mohamed Addaliam, individually and doing business as Stop-3 Deli and Stop Three (3) Market ("Addaliam"); (vi) Strawberry Food Market Corp., a New York corporation doing business as Strawberry Grocery Corp. ("Strawberry"); (vii) Torres Grocery Corp., a New York corporation doing business as Torres Deli Grocery ("Torres Grocery"); (viii) N.T.J. Deli Grocery Corp., a New York corporation doing business as Torres Deli Grocery ("N.T.J."; and (ix) Yemen One Deli Inc., a New York corporation doing business as Yak E-Z Stop News Stand ("Yemen One").

[3] The court notes that plaintiff does not seek $4,000 in statutory damages from each of A&A, Tineo, Torres Grocery, and N.T.J., but rather seeks to hold defendants A&A and Tineo jointly and severally liable for $4,000 in statutory damages, and seeks to hold Torres Grocery and N.T.J. jointly and severally liable for $4,000 in statutory damages. (ECF No.53, Flynn Decl. ¶¶ 33-34.) Although the Report and Recommendation does not explicitly acknowledge this request, the Report and Recommendation recommends that the court award plaintiff "statutory damages in the amount of $4,000.00 from each of the seven defaulting defendant retailers," thereby reflecting that statutory damages will be joint and several as to A&A and Tineo, and as to Torres Grocery and N.T.J. (ECF No. 56, Report and Recommendation dated 4/16/2012 ("R&R") at 7.)

On April 17, 2012, plaintiff served each of the defaulting defendants with copies of the Report and Recommendation via hand delivery and first class mail. (ECF No. 57, Certificate of Service, filed 4/17/2012.) As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed within 14 days of receipt of the Report and Recommendation. (ECF No. 56, R&R, at 10.) The period for filing objections has expired, and no objections to Magistrate Judge Azrack's Report and Recommendation have been filed.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

Upon a careful review of Magistrate Judge Azrack's thoroughly researched and well-reasoned Report and Recommendation, and considering that no defaulting defendant has objected to any of Magistrate Judge Azrack's recommendations, this court hereby affirms and adopts the Report and

Recommendation as the opinion of the court, pursuant to 28 U.S.C. § 636(b)(1).

Accordingly, and for the reasons set forth above and based upon the findings of fact and conclusions of law set forth in the Report and Recommendation and adopted herein, the court orders as follows:

(1) plaintiff's motion for entry of default judgment against the nine defaulting defendants is granted;

(2) plaintiff is awarded statutory damages against the defaulting defendants as follows: (i) $4,000 against Abreu Minimarket, (ii) $4,000 against Rosario, (iii) $4,000 against Addaliam, (iv) $4,000 against Strawberry, (v) $4,000 against Yemen, (vi) $4,000 against A&A and Tineo jointly and severally; and (vii) $4,000 against Torres Grocery and N.T.J. jointly and severally;

(3) plaintiff is awarded a permanent injunction against each of the defaulting defendants, as set forth in a separate Default Judgment and Permanent Injunction, that includes the following material terms:

> A prohibition against purchasing, distributing, selling, offering for sale, or otherwise using in commerce any cigarettes in packaging bearing counterfeits of any of the Marlboro Trademarks, or assisting, aiding or abetting any other person or entity in doing so; and
>
> A prohibition against using the Marlboro Trademarks or trademarks or trade dress that

4

> is confusingly similar therewith, except in connection with the sale and offering for sale of genuine Marlboro brand cigarettes. . . . [and]
>
> [A] requirement that the Defaulting Defendants cooperate in good faith with Philip Morris USA in its investigations of counterfeit sales at their retail establishments, including without limitation, by: (a) permitting representatives and/or designees of Philip Morris USA to conduct inspections, without notice, of the Defaulting Defendants' cigarette inventories to determine whether packs and/or cartons of cigarettes bearing Marlboro Trademarks are counterfeit (with such inspections proceeding at any of the Defaulting Defendants' retail establishments between the hours of 9:00 a.m. and 5:00 p.m. on any such day the Defaulting Defendants' retail establishments are open for business) and to retain possession of any such cigarettes that are determined to be counterfeit; (b) responding to reasonable requests for information about the Defaulting Defendants' suppliers or other sellers of genuine or counterfeit Marlboro brand cigarettes; and (c) cooperating with Philip Morris USA's representatives and/or designees in their investigations of any suppliers or other sellers of genuine or counterfeit Marlboro brand cigarettes.

(4) plaintiff is awarded costs from the defaulting defendants as follows: (i) $203.88 from A&A, (ii) $203.88 from Tineo, (iii) $203.88 from Abreu Minimarket, (iv) $203.88 from Rosario, (v) $203.88 from Addaliam, (vi) $203.88 from Strawberry, (vii) $203.88 from Torres Grocery, (viii) $241.88 from N.T.J., and (ix) $148.88 from Yemen One.

Plaintiff shall serve a copy of this Memorandum and Order and the Default Judgment and Permanent Injunction upon the

5

defaulting defendants and shall file a certificate of service on ECF by May 18, 2012.

The Clerk of the Court is respectfully requested to close the case.

**SO ORDERED.**

Dated: May 16, 2012
Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York